UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CARLETO ALLEN,

                Plaintiff,              **DECLARATION IN OPPOSITION TO DEFENDANTS' APPLICATION FOR COSTS**

   - against -

                                               16 Civ. 3403 (PGG)

JEREMIAH S. WILLIAMS, Et Al.,

                Defendants.
------------------------------------------------------------------x

      JOHN KNUDSEN, an attorney duly licensed to practice law before this Court, declares the following to be true under penalty of perjury:

      1.      I am the attorney for plaintiff in this matter.

      2.      This declaration is submitted on behalf of plaintiff in response to defendants' request for costs. Defendants seek costs for plaintiff's deposition and for the transcript of the trial in April 2019.

      3.      Defendants request to recover the costs of the trial transcript should be denied. Local Rule 54.1(c)(1) states that "The cost of any part of the original trial transcript that was necessarily obtained for use in this Court or on appeal is taxable. Convenience of counsel is not sufficient." Defendants have not demonstrated that the trial transcript was necessarily obtained for use during the trial. This was a short three-day trial, with the case going to the jury, and the jury rendering its decision, by the end of the third day. Defendants had two attorneys at trial and a third attorney in the gallery, and the subject matter of the trial was not complex. In this situation, requests for costs of the trial transcript are deemed a convenience of counsel and are thus denied. See Sims v. City of New York, 2011 U.S. Dist. LEXIS 117000, *6-7 (S.D.N.Y. 2011) (request for

trial transcript costs denied where it was a two-week trial, two attorneys represented defendants and subject matter was not complex); Hogan v. Novartis Pharms. Corp., 2012 U.S. Dist. LEXIS 165820, *6-7 (E.D.N.Y. 2012) (request for trial transcript costs denied where it was a six-day trial, sufficient attorneys represented defendants and case was not complicated); Brown v. City of New York, 2014 U.S. Dist. LEXIS 30094, *11-13 (S.D.N.Y. 2014) (request for trial transcript costs denied where it was a "short" three-day trial, multiple attorneys represented defendants and the case did not involve complex issues.)

4. Defendants also state that they used the transcript for purposes at the trial including the preparation of the "cross examination of … plaintiff's witnesses, the direct examination of the defendants, and the preparation of defendants' opening." Defendants' Declaration at ¶ 11. This is not accurate as plaintiff did not have any witnesses outside of the defendants, and thus there was no cross examination of such witnesses, and the examination of some defendants and the defendants' opening were complete on the first day of the trial before the production of transcripts from the court reporter.

5. Defendants seek the costs of plaintiff's deposition. Local Rule 54.1(c)(2) states that "[u]nless otherwise ordered by the Court, the original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at the trial, whether or not it was read in its entirety." Defendants' submission does not specifically state that plaintiff's deposition was used at trial. Compare Defendants' Declaration at ¶ 13 (stating that the plaintiff's deposition was taken "in preparation of, and/or used at trial for …"). I do not have the trial transcript and have no specific recollection whether plaintiff's deposition transcript was used at the trial. As defendants have not affirmatively demonstrated that the plaintiff's deposition transcript was used at the trial, the cost of the transcript should be denied.

      6.      For the foregoing reasons, defendants request for costs should be denied.

Dated: White Plains, New York
       May 28, 2019

                                                          Respectfully submitted,

                                                          /s/  John Knudsen
                                                        JOHN E. KNUDSEN
                                                        Law Offices of John Knudsen, LLC
                                                        PO BOX 748
                                                        White Plains, NY 10602