UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

CARLETO ALLEN,

                         Plaintiff,

         - against -

NYPD OFFICER JEREMIAH
WILLIAMS, et al.,

                         Defendants.

**ORDER**

16 Civ. 3403 (PGG)

---------------------------------------------------------------

PAUL G. GARDEPHE, U.S.D.J.:

        This is a Section 1983 excessive force-failure to intervene case brought by Plaintiff against four officers of the New York City Police Department. The case proceeded to trial on April 8, 2019, and on April 10, 2019, the jury returned a verdict for Defendants. (Verdict (Dkt. No. 99)) Plaintiff now challenges the Clerk of Court's award of costs against him. (Pltf. Mot. (Dkt. No. 110)) For the reasons stated below, Plaintiff's motion will be denied.

        Following the jury's April 10, 2019 defense verdict, on May 13, 2019, Defendants filed a notice of application for a costs award against Plaintiff. (Notice of Bill of Costs (Dkt. No. 106)) Defendants sought to recover: (1) $3,163.50 for "[f]ees of the court reporter for all or any part of the transcript necessarily obtained for use in this case"; (2) $20.00 for docket fees; and (3) $578.80 for deposition transcripts. (Bill of Costs (Dkt. No. 106-1). Plaintiff objected to the Bill of Costs, arguing that the request to recover the costs of transcripts should be denied, as "Defendants have not demonstrated that the trial transcript was necessarily obtained for use during the trial." (Knudsen Decl. (Dkt. No. 108) ¶ 3) Plaintiff also argued that Defendants are not entitled to costs for deposition transcripts. (Id. ¶ 5)

On May 29, 2019, the Clerk of Court assessed costs against Plaintiff in the amount of $3,183.50. (Taxation of Costs (Dkt. No. 109)) This determination reflects the cost of the trial transcripts and the docket fees, but not expenses associated with deposition transcripts. (Id.) On June 5, 2019, Plaintiff filed the instant motion, seeking an order "striking the taxation of daily trial transcripts from the Clerk's assessment of costs in favor of the defendants." (Pltf. Mot. (Dkt. No. 110)) Plaintiff contends that Defendants have not demonstrated that daily trial transcripts were necessary for use at trial. (Pltf. Br. (Dkt. No. 111) at 3) According to Plaintiff, where – as here – the trial was "a short, three-day trial," where Defendants "had two attorneys at trial and a third attorney in the gallery," and where "the subject matter of the trial was not complex," "requests for costs of the trial transcript are routinely deemed [merely] a convenience of counsel," rather than necessary for trial, "and are thus denied." (Id.)

Fed. R. Civ. P. 54(d)(1) – which governs the taxation of costs against an unsuccessful litigant – provides that "costs – other than attorneys' fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This District's Local Rules provide that "[t]he cost of any part of the original trial transcript that was necessarily obtained for use in this Court or on appeal is taxable. Convenience of counsel is not sufficient." S.D.N.Y. Local Rule 54.1(c)(1). "A district court reviews the clerk's taxation of costs by exercising its own discretion to decide the cost question [it]self." Whitfield v. Scully, 241 F.3d 264, 269 (2d Cir. 2001) (internal quotation marks and citation omitted).

Here, before the trial began, this Court asked defense counsel whether they intended to order daily transcripts. Counsel responded that "[their] policy is that [they] don't order the transcript unless your Honor orders us to do so," given the cost of the transcripts. (Tr. 39-40 (Dkt. No. 100)) This Court then "direct[ed] that [defense counsel] pay for the transcript," so that a transcript would be available to the jurors, should they request to consult the transcript

2

during their deliberations. (Id. at 40) Because the Court ordered defense counsel to obtain daily transcripts, these transcripts were not for the "[c]onvenience of counsel," but instead were "necessarily obtained for use in this Court." See S.D.N.Y. Local Rule 54.1(c)(1). Accordingly, the Clerk properly included in the award of costs the expense associated with the trial transcripts. Plaintiff's motion to strike those costs is therefore denied.[1]

## CONCLUSION

For the reasons stated above, Plaintiff's motion challenging the taxation of costs against Plaintiff is denied. The Clerk of Court is directed to terminate the motion. (Dkt. No. 110)

Dated: New York, New York
January 2, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

---

[1] While Plaintiff points to several cases in which courts have concluded that daily trial transcripts were not "necessarily obtained" (Pltf. Br. (Dkt. No. 111) at 3-4), Plaintiff points to no instance in which a court denied recovery of costs for transcripts that the court directed counsel to order.

3